**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3757-24

MONIKA E. MEYER,

     Plaintiff-Appellant,

v.

JUSTIN B. MEYER,

     Defendant-Respondent.

_____

Submitted March 24, 2026 – Decided July 17, 2026

Before Judges Sumners and Augostini.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-0409-21.

Monika E. Meyer, self-represented appellant.

Laufer, Dalena, Jensen & Doran, LLC, attorneys for respondent (Alyssa M. Clemente, on the brief).

PER CURIAM

    In this post-judgment divorce matter, plaintiff Monika E. Meyer appeals from a June 13, 2025 order granting reconsideration of a prior order modifying

alimony and child support. Having reviewed the record and governing legal principles, we affirm.

I.

We presume the parties are familiar with the facts of their matrimonial litigation. Therefore, we summarize only those facts pertinent to the issues on appeal. The parties were married for approximately fourteen years and have two children. On June 24, 2024, after a ten-day divorce trial, the trial judge entered a Dual Final Judgment of Divorce (DJOD), supported by a comprehensive written decision resolving issues of custody, support, and equitable distribution. Neither party appealed the DJOD.[1]

The parties were granted joint legal and physical custody of their children with a fifty-fifty equal shared parenting arrangement. During the marriage, both parties were employed. However, at the time of the divorce trial, defendant had lost his job "due to a reduction in force implemented by his employer."

For support purposes, the trial judge imputed income to defendant of $125,781 per year using an average of his adjusted wages from the last three years. In the judge's written decision, he initially noted that plaintiff listed her

---

[1] Plaintiff filed a notice of appeal from the DJOD but withdrew her appeal.

A-3757-24

annual salary of $98,000 on her Case Information Statement (CIS) prepared for trial and dated February 19, 2024. Several pages later, the judge noted that "[i]f plaintiff grosses $93,100, the court finds she should have $76,585 net[]." The court determined that each party has a "current [monthly] need of [approximately] $7,500." Based on a marital lifestyle of approximately $7,000 to $7,500 monthly, and their respective incomes, the court found that defendant has a "cushion of $658" and plaintiff has a deficit of "$618 to $1,118 per month."

The judge directed defendant to pay child support of $31 per week in accordance with the New Jersey Child Support Guidelines after applying the Wunsch-Deffler formula.[2] Upon defendant becoming gainfully employed and the commencement of alimony, plaintiff "shall pay defendant [six dollars] per week child support, offset by the amount of defendant's alimony obligation."

The judge directed defendant to pay plaintiff spousal support of $845 per month or $195 per week for a nine-year duration "with credit for three years four months paid pendente lite subject to the [Mallamo][3] credits" outlined in the

---

[2] In Wunsch-Deffler v. Deffler, 406 N.J. Super. 505 (Ch. Div. 2009), this court applied a formula to the child support guidelines amount, which adjusts child support to account for the parties' shared parenting time and to offset for controlled expenses.

[3] Mallamo v. Mallamo, 280 N.J. Super. 8 (App. Div. 1995).

judge's decision. However, the judge suspended the remaining five years and eight months until defendant is again gainfully employed, at which time tolling would end and the remaining period would commence. The judgment further provided that "if defendant is reemployed at either substantially more or substantially less than [] $125,781 per year, the parties will be compelled to renegotiate the alimony amount."

The trial judge found defendant had been "proactive" in searching for new employment. In his written decision, the judge "put [the parties] on notice that should defendant obtain employment with a compensation package substantially off, either significantly higher or significantly lower than the compensation imputed, there will be triggered a right to review based on a substantial change in circumstances."

In August 2024, defendant obtained new employment and notified plaintiff. According to his offer letter, defendant's "semi-monthly salary [would be] $7,083.34 less applicable payroll withholdings [] [which] represents an annual salary of $170,000.00." Defendant's new employment included a "bonus program . . . [of] [twelve percent] of [defendant's] annualized salary . . . governed by [the company's] performance management program and will be based on company-wide performance." Additionally, the offer letter noted that

the bonus program is "discretionary and [is] subject to approval by the Board of Directors annually." The parties attempted to renegotiate support based on these changed circumstances but were unable to reach an agreement.

Plaintiff moved to recalculate alimony and child support based on defendant's increased income. Defendant opposed an increase and cross-moved for recalculation and clarification of support, contending that plaintiff's salary had also increased and he attached his new pay information.

On February 3, 2025, having reviewed the parties' submissions and without oral argument, the motion judge[4] issued an order and statement of reasons granting modification of alimony based on a substantial change in the parties' financial circumstances. The judge increased alimony from $845 to $1,400 monthly and child support from $31 to $98 monthly.

Both parties moved for reconsideration. In support of his motion, defendant submitted his CIS dated February 26, 2024. Defendant attached an updated CIS to his reply certification dated March 24, 2025.

On June 13, 2025, again having reviewed the parties' submissions and determining that oral argument was "unnecessary," the motion judge reconsidered his prior order and acknowledged erring in determining plaintiff's

---

[4] Different judges handled the divorce trial and post-judgment motion.

A-3757-24

income, not including defendant's contribution to the child's health insurance premium, and failing to apply the Wunsch-Deffler formula in calculating child support. The judge issued an amended order, correcting the errors and reducing alimony to $577 a month and child support to forty dollars a week. The judge also directed defendant to submit updated financial information, including a CIS, pay stubs from the past ninety days, his 2024 W-2s and 1099s. The judge explained that these documents were to be submitted "as a means of ensuring that each party has fully and completely disclosed their current incomes."

In using plaintiff's current income of $101,043 and the benchmark of $7,500 for the parties' monthly need based on the trial judge's determination of marital lifestyle, the motion judge concluded plaintiff's current monthly shortfall was $577. Thus, the judge modified monthly alimony to $577 to meet plaintiff's need. In terms of child support, the judge used the parties' current incomes and applied the Wunsch-Deffler formula, resulting in an increase of child support to $40 weekly. This appeal followed.

Plaintiff contends the motion judge erred by: (1) modifying support without requiring defendant to submit a current CIS in violation of Rule 5:5-2(a); (2) relying on an incorrect income figure for plaintiff and ignoring defendant's substantial income increase; (3) failing to provide "a complete

statement of reasons" in violation of Rule 1:7-4(a); (4) mischaracterizing the marital lifestyle and disregarding the trial judge's findings and undisputed increase in plaintiff's expenses; and (5) violating the Code of Judicial Conduct, "undermining confidence in the fairness of the proceedings."

II.

"Our review of Family Part orders is limited." Gormley v. Gormley, 462 N.J. Super. 433, 442 (App. Div. 2019). "We 'afford substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters.'" Voynick v. Voynick, 481 N.J. Super. 207, 220-21 (App. Div. 2025) (quoting W.M. v. D.G., 467 N.J. super. 216, 229 (App. Div. 2021) (citations omitted)). Therefore, the Family Part's findings "are binding on appeal so long as [its] determinations are 'supported by adequate, substantial, credible evidence.'" Gormley, 462 N.J. Super. at 442 (quoting Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)).

This same deference is due to a motion judge's decision regarding a motion to modify a marital-support obligation. Cardali v. Cardali, 255 N.J. 85, 107 (2023); see also Larbig v. Larbig, 384 N.J. Super. 17, 21 (App. Div. 2006) ("Whether [a support] obligation should be modified . . . rests within a Family Part judge's sound discretion"). "When reviewing decisions granting or denying

applications to modify child support, we examine whether, given the facts, the trial judge abused his or her discretion." J.B. v. W.B., 215 N.J. 305, 325-26 (2013) (quoting Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012)).

We similarly review a family judge's denial of a reconsideration motion for abuse of discretion. Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010); see also D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990). Governed by Rule 4:49-2, reconsideration is appropriate for a "narrow corridor" of cases in which either the court's decision was made upon a "palpably incorrect or irrational basis," or where "it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Fusco v. Bd. of Educ. of City of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002) (quoting D'Atria, 242 N.J. Super. at 401).

## III.

### A.

We begin our analysis with a review of the governing legal principles. N.J.S.A. 2A:34-23 provides the Family Part authority to modify alimony and child support awards. Spangenberg v. Kolakowski, 442 N.J. Super. 529, 535 (App. Div. 2015). The statute permits alimony and child support orders to "be revised and altered by the court from time to time as circumstances may require."

N.J.S.A. 2A:34-23. "Our courts have interpreted this statute to require a party who seeks modification to prove 'changed circumstances[.]'" Spangenberg, 442 N.J. Super. at 536 (alteration in original) (quoting Lepis v. Lepis, 83 N.J. 139, 157 (1980) (citation omitted)). "The party moving for the modification bears the burden of making a prima facie showing of changed circumstances." Miller v. Miller, 160 N.J. 408, 420 (1999) (citing Lepis, 83 N.J. at 157-59). Our courts have recognized various circumstances that give rise to a prima facie case of changed circumstances, such as "an increase or decrease in the supporting spouse's income." Lepis, 83 N.J. at 151 (citations omitted).

A court assessing changed circumstances must examine the parties' current situation and compare it to the situation when the support obligations were initially entered. Beck v. Beck, 239 N.J. Super. 183, 190 (App. Div. 1990) ("[I]t is clear that the changed-circumstances determination must be made by comparing the parties' financial circumstances at the time the motion for relief is made with the circumstances which formed the basis for the last order fixing support obligations."); see also Deegan v. Deegan, 254 N.J. Super. 350, 354-55 (App. Div. 1992). If the party seeking modification presents a prima facie case of changed circumstances, a court may order discovery and a plenary hearing, if necessary, to determine whether there are sufficient changes in the need for

support and ability to provide support warranting modification. Miller, 160 N.J. at 420.

In assessing whether modification of alimony is appropriate, the court must consider "the dependent spouse's needs, that spouse's ability to contribute to those needs, and the supporting spouse's ability to maintain the dependent spouse at the former standard." Lepis, 83 N.J. at 152. "Identifying the marital standard of living at the time of the original divorce decree . . . becomes critical, then, to any subsequent assessment of changed circumstances when an adjustment to alimony is sought." Crews v. Crews, 164 N.J. 11, 25 (2000). "[A]n essential component in the changed-circumstances analysis when reviewing an application for modification of alimony" is the marital standard of living. Ibid. An alimony award should be reviewed in the context of "the standard of living enjoyed by the parties during the marriage." Ibid. As our Supreme Court has emphasized, "the changed-circumstance inquiry use[s] the marital standard of living as the point of measure in the analysis." Weishaus v. Weishaus, 180 N.J. 131, 141 (2004).

B.

We first address plaintiff's contention that the motion judge erred in not requiring defendant to submit an updated CIS and contends the motion judge modified alimony without the necessary financial data. We disagree.

After being advised of defendant's reemployment and new salary, plaintiff moved on October 29, 2024 to modify alimony and child support based on defendant's changed financial circumstances. On November 7, 2024, defendant filed opposition and cross-moved for counsel fees and costs. In response to plaintiff's inquiry of the motion judge, defendant was not required to attach a CIS to his cross-motion because "none of [defendant's] prayers for relief ask[ed] for a recalculation of support, therefore, no CIS is required."

Nonetheless, before the judge issued his June 13, 2025 order reconsidering the February 3, 2025 order modifying alimony and recalculating child support, defendant, on February 21, 2025, filed his prior CIS dated February 26, 2024, and on March 24, 2025, filed an updated CIS dated the same day.

Plaintiff, as the party seeking modification, has the burden of establishing changed circumstances before "discovery of the opposing spouse's finances will be ordered." Stamberg v. Stamberg, 302 N.J. Super. 35, 42 (App. Div. 1997) (citing Lepis, 83 N.J. at 157). Our Court Rules require the moving party to

11

provide a current and original CIS to demonstrate changed circumstances.  R. 5:5-4(a)(4); see also Palombi, 414 N.J. Super. at 291.  The opposing party is required to submit an updated CIS only "[i]f the court concludes that the party seeking relief has demonstrated a prima facie showing of a substantial change of circumstances or that there is other good cause, then the court shall order the opposing party to file a copy of a current case information statement."  R. 5:5-4(a)(4).  Thus, we are satisfied that plaintiff's assertion is without merit.

C.

We turn next to plaintiff's contention that the motion judge erred by ignoring defendant's substantial increase in income and not including his twelve percent bonus as added income in reviewing alimony and child support.  It is undisputed that both parties' income increased since the entry of the DJOD, and thus their financial circumstances substantially changed warranting a review of alimony and child support.  In revising the alimony award, the judge utilized the parties' current income, excluding any potential bonus income defendant may receive.  In his February 3, 2025 order and statement of reasons, the judge correctly recognized defendant's new gross salary of $170,000 and plaintiff's current income of $101,403.  Neither party challenged these amounts.

In the February 3 order, the judge noted defendant's bonus "on top of his salary" but since defendant had just begun his new employment, had not yet received a bonus, and that the bonus was discretionary, the judge found "that it would be speculative to include [d]efendant's bonus as part of his income for alimony purposes." We discern no abuse of discretion with the judge's decision.

An abuse of discretion occurs when a judge makes "a decision . . . without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (citations omitted)) (internal quotation marks omitted). In this case, the judge explained his reasoning, which is grounded in the substantial evidence. Defendant's offer letter explicitly states that any bonus is "discretionary" and subject to approval by the Board of Directors. Moreover, a bonus is dependent upon factors outside of defendant's control, such as company-wide performance.

Plaintiff's reliance on N.J.S.A. 2A:34-23(b), Miller, and Crews to support her proposition that the motion judge erred by excluding a discretionary bonus is misplaced. Although defendant historically received bonuses in his prior employment, as the judge rightfully noted, defendant's receipt of bonuses at his

new company remains to be seen and is speculative at this time. Neither statute nor case law requires a court to include speculative or sporadic income for purposes of determining support. Indeed, for purposes of calculating child support, "sporadic income" is included as "gross income" by "averaging the amount of income over the previous [thirty-six] months or from the first occurrence of its receipt whichever time is less." Fall & Romanowski, <u>New Jersey Family Law: Child Custody, Protection & Support</u>, Appendix IX-B (2026). Because defendant has not yet received any bonus income from his new employer, the judge was unable to determine an average amount. Again, we discern no abuse of the judge's discretion in not including defendant's potential bonus income.

D.

We next address plaintiff's contention that the motion judge erred by mischaracterizing the marital lifestyle and ignored undisputed evidence of increased expenses. In the February 3, 2025 statement of reasons, the judge deferred to and incorporated into his analysis the trial judge's findings of fact, which included a determination of the marital standard of living to be $7,500 per month even though both parties argued for a higher amount.

"Trial judges must first consider the parties' marital lifestyle to determine the amount needed for support and then consider the paying spouse's earning capacity to determine that spouse's ability to pay." Gormley, 462 N.J. Super. at 447 (citing Lombardi v. Lombardi, 447 N.J. Super. 26, 37 (App. Div. 2016) (citations omitted) ("'The importance of establishing the standard of living experienced during the marriage cannot be overstated.' It is the 'touchstone for the initial alimony award.'")); see also Fall & Romanowski, New Jersey Family Law: Child Custody, Protection & Support § 24:3 (2026). In this case, the trial judge painstakingly detailed the parties' marital lifestyle and financial picture to arrive at a fair and reasonable monthly need to maintain an approximate lifestyle after their divorce.  In reviewing alimony post-judgment, the motion judge used the trial judge's marital lifestyle determination as the "touchstone" for his analysis.

Plaintiff argues that the motion judge ignored her increasing expenses, such as rent and health insurance coverage.  The trial judge recognized and accounted for plaintiff's "additional health insurance expense" in the monthly need assessment.  Plaintiff contends that if her expenses increase so should her monthly alimony award.  Plaintiff provides no legal support for this contention.  The motion judge correctly used the established marital lifestyle touchstone and

the parties' current incomes to determine plaintiff's need and defendant's ability to pay. The judge modified alimony to remedy plaintiff's deficit and to meet the monthly need of $7,500. Again, there was no error in the judge's characterization of the marital lifestyle or analysis in modifying alimony.

As for the motion judge's recalculation of child support, the judge appropriately adjusted the guidelines' amount using the Wunsch-Deffler formula and as a result, child support increased to $40 weekly. We discern no abuse of discretion in the motion judge's modification of child support.

To the extent we have not addressed plaintiff's remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

In sum, we note that the motion judge issued a statement of reasons accompanying the February 3, 2025 order in accordance with Rule 1:7-4(a) and incorporated the trial judge's findings of fact. In the reconsideration order of June 13, 2025, the motion judge candidly acknowledged the errors made, corrected those errors and modified alimony and support and in doing so, complied with Rule 1:7-4(a) by explaining his reasons for the changes made to the February 3, 2025 order. The motion judge's acknowledgment of the errors indeed enhances confidence in the judiciary and fairness of the proceedings.

"Even the most conscientious judges make mistakes," State v. Maisonet, 245 N.J. 552, 567 (2021), and our Court Rules provide a mechanism—by way of a motion for reconsideration—to correct such errors.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M. C. Hanley

Clerk of the Appellate Division

A-3757-24